UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| v. | § | CRIMINAL NO. 4:20-CR-298-SDJ |
| | § | |
| SIR LEE ASTON BRISCOE (5) | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Sir Lee Aston Briscoe's Motion to Dismiss for Lack of Speedy Trial. (Dkt. #201). The Government filed a response. (Dkt. #204). Upon consideration of the parties' filings, the record, and the applicable law, the Court concludes that the motion should be denied.

### I. BACKGROUND

On October 15, 2020, a grand jury in the Eastern District of Texas charged Briscoe with Conspiracy to Possess with Intent to Distribute Cocaine, Conspiracy to Possess with Intent to Distribute Heroin, and Conspiracy to Commit Money Laundering. (Dkt. #26). More than a year later, in November 2021, Briscoe was arrested in the Virgin Islands and appeared in front of a judge in the District of the Virgin Islands on November 4, 2021. (Dkt. #201 at 1). Briscoe waived a preliminary and detention hearing in the District of the Virgin Islands and requested that his hearing be held in the charging district. (Dkt. #201 at 1); (Dkt. #204 at 2). Briscoe was transferred to the Eastern District of Texas in early March 2022. There is no evidence, and Briscoe does not contend, that the United States purposefully delayed his transfer to the Eastern District of Texas.

Briscoe was arraigned in the Eastern District of Texas on March 17, 2022, after he filed two motions to continue the hearing. (Dkt. #201 at 1); (Dkt. #204 at 2). A total of 133 days lapsed between Briscoe's initial appearance in the District of the Virgin Islands (November 4, 2021) and his arraignment in the Eastern District of Texas (March 17, 2022). (Dkt. #201 at 1–2). Following the arraignment, Briscoe and his co-defendants were granted multiple unopposed motions for continuance that delayed the pretrial conference by more than one year. (Dkt. #204 at 2).

Briscoe's motion to dismiss the indictment turns on his contention that the Speedy Trial Act's 70-day clock was triggered when he made his initial appearance in the District of the Virgin Islands, rather than the date he first appeared in the charging district, the Eastern District of Texas. Pointing to the fact that it took over 100 days for him to be transferred from the District of the Virgin Islands to the Eastern District of Texas, Briscoe argues the Speedy Trial Act has been violated and the indictment should be dismissed. Because the plain text of the Speedy Trial Act forecloses Briscoe's argument, and because Briscoe's right to a speedy trial under the Sixth Amendment has not been violated, the motion will be denied.

## II. Discussion

**A. Briscoe's Rights Under the Speedy Trial Act Were Not Violated.**

The Speedy Trial Act requires that trial must begin within seventy days of the later of "the filing date . . . of the information or indictment, or . . . the date the defendant has appeared before a judicial officer of the court in which such charge is pending[.]" 18 U.S.C. § 3161(c)(1). The burden of proving speedy-trial violations falls on the defendant. *Id*. § 3162(a)(2).

2

According to Briscoe, the Court should conclude the Speedy Trial Act was triggered when he appeared before a judge in the District of the Virgin Islands on November 4, 2021. The Court disagrees.

Briscoe's argument runs directly contrary to the plain language of the Speedy Trial Act, which explicitly starts the clock from the later of the filing date of the information or indictment or "from the date the defendant has appeared before a judicial officer of the court *in which such charge is pending*." 18 U.S.C. § 3161(c)(1) (emphasis added). The relevant date identified in the statute is when Briscoe initially appeared in the Eastern District of Texas, the charging district. That occurred on March 17, 2022. Courts in this circuit and across the country have consistently applied the plain language of the Act in this manner, and as written. *See, e.g., United States v. Gomez,* No. 1:20-CR-49-3, 2021 WL 4006136, at *2 (E.D. Tex. Aug. 13, 2021), *report and recommendation adopted sub nom.* 2021 WL 3931164 (E.D. Tex. Sept. 2, 2021) ("The plain reading of the statute states that the clock does not start for the Speedy Trial Act until the latter of the indictment filing date or the date the defendant appears before a judicial officer *of the court in which such charge is pending*").[1]

---

[1] *See also United States v. Pinkston*, No. 2:22-CR-596, 2023 WL 3874037 at *1 (S.D. Tex. June 7, 2023) (holding that despite a 98-day delay, the 70-day clock started only after the defendant made an initial appearance in charging district even though he made appearance in front of magistrate judge in a different district); *United States v. Mendez*, 583 F.App'x 706, 708 (9th Cir. 2014) (holding that the speedy trial clock did not start until the defendant appeared in the charging district of Oregon even if he was arraigned in another district in Washington); *United States v. Grimes*, No. 5:11-CR-50029, 2011 WL 3422801 at *4 (D.S.D. Aug. 4, 2011) (holding that guidelines interpreting the Speedy Trial act support a finding that the seventy-day period does not start until the defendant is transferred and

3

Briscoe resists this result, arguing that "the legislative intent behind the Speedy Trial Act" does not permit the Court to enforce the plain text of Section 3161(c)(1), at least not in this case. (Dkt. #201 at 4–5). That's because enforcing the statute as written means that a delay of over 70 days during the transfer of a defendant to a court in the charging district after an initial appearance in another district, as occurred here, does not, standing alone, violate the Act. In Briscoe's view, such a result defeats the purpose of the Act. Briscoe goes on to urge the Court to disregard Section 3161(c)(1)'s unambiguous text in favor of Briscoe's view of the "purpose" of the Speedy Trial Act. The Court rejects the invitation.

As the Supreme Court and the Fifth Circuit have made clear, when construing a statute, courts "must first determine whether the statutory text is plain and unambiguous" and if it is, the statute must be applied "according to its terms." *Carcieri v. Salazar*, 555 U.S. 379, 387, 129 S.Ct. 1058, 172 L.Ed.2d 791 (2009) (citations omitted); *see also BedRoc Ltd. v. United States*, 541 U.S. 176, 183, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004) ("The preeminent canon of statutory interpretation requires us to 'presume that [the] legislature says in a statute what it means and means in a statute what it says there.'") (quoting *Conn. Nat'l Bank v. Germain*,

---

appears in the charging district); *United States v. O'Bryant*, 775 F.2d 1528, 1531 (11th Cir. 1985) (holding that the 70-day speedy trial timeframe did not start until the defendant was transferred from Maryland and appeared in the charging district of Florida); *United States v. Thirion*, 813 F.2d 146, 153 (8th Cir. 1987) (holding that the "statutory right to a speedy trial did not accrue until [the defendant] appeared before a judicial officer of the District of South Dakota" even though he was apprehended in Monaco,); *United States v. Palomba*, 31 F.3d 1456, 1462 (9th Cir. 1994) (holding that the "70-day period commences only on the date when the defendant is brought before a 'judicial officer of the court *in which the matter is pending*'") (quoting 18 U.S.C. § 3161(c)).

4

503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)); *United States v. Sharp*, 62 F.4th 951, 953 (5th Cir. 2023) ("The text at issue is unambiguous, and so our inquiry begins and ends with the text.") (internal quotation marks and citation omitted). The language of the Speedy Trial Act is unequivocal on the issue raised by Briscoe's motion, stating that trial must begin within seventy days of the later of "the filing date . . . of the information or indictment, or . . . the date the defendant has appeared before a judicial officer of the court in which such charge is pending[.]" 18 U.S.C. § 3161(c)(1). The statutory text explicitly calls for the date of the defendant's appearance to be triggered only by an appearance before a judicial officer in the charging district. Here, applying Section 3161(c)(1) as written, the Speedy Trial Act clock did not commence until Briscoe was arraigned in the Eastern District of Texas on March 17, 2022. Briscoe's contrary argument is unavailing and cannot support a violation of the Speedy Trial Act.

**B. Briscoe's Rights Under the Sixth Amendment Were Not Violated.**

The Sixth Amendment affords "the accused" "the right to a speedy . . . trial." U.S. CONST. amend. VI.[2] As the Fifth Circuit has explained, "[b]ecause no two cases are the same and because 'the ordinary procedures for criminal prosecution are designed to move at a deliberate pace,' the 'right of a speedy trial is necessarily relative' and circumstance-specific." *United States v. Ansari*, 48 F.4th 393, 397

---

[2] The Speedy Trial Act is "distinct from [a defendant's] constitutional speedy-trial rights." *United States v. Lamb*, No. 5:19-CR-25, 2020 WL 6482977, at *5 (E.D. Tex. Aug. 10, 2020), *report and recommendation adopted*, No. 5:19-CR-25, 2020 WL 5269535 (E.D. Tex. Sept. 4, 2020).

(5th Cir. 2022) (quoting *United States v. Ewell*, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966)).

In determining whether a defendant has been denied his Sixth Amendment speedy-trial right, a court must consider the so-called *Barker* factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's diligence in asserting the right, and (4) prejudice to the defendant. *United States v. Frye*, 372 F.3d 729, 735 (5th Cir. 2004) (quoting *United States v. Cardona*, 302 F.3d 494, 496 (2002), and *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The first factor, the length of the delay, is a "triggering mechanism" for determining whether a court must examine the other three *Barker* factors. *United States v. Serna-Villareal*, 352 F.3d 225, 230 (5th Cir. 2003). How long is enough to trigger examination of the remaining *Barker* factors is necessarily a case-specific inquiry, but delay exceeding one year generally is sufficient to meet this threshold requirement. *Id.*

When balancing the *Barker* factors, courts weigh the first three factors against any prejudice the Defendant has suffered because of a delay in prosecution. *Id.* at 230–31. The defendant has the burden to show prejudice from delay of his trial. *Id.* at 230. And unless the first three *Barker* factors weigh so heavily in the defendant's favor that prejudice is presumed, the defendant must demonstrate "actual prejudice" to prove a violation of his right to a speedy trial. *Id.* at 231.

### i. Length of Delay

As to the threshold inquiry under *Barker*, "[a] delay of less than one year will rarely qualify as 'presumptively prejudicial' for purposes of triggering the *Barker* inquiry." *Cowart v. Hargett*, 16 F.3d 642, 646 (5th Cir. 1994). And "any delay caused

by [the defendant's] own requests for continuances should be discounted." *United States v. Jackson*, 549 F.3d 963, 970 (5th Cir. 2008). In the last 18 months since Briscoe was arraigned in the Eastern District of Texas, he and his co-defendants have filed, and the Court has granted, a number of unopposed motions for continuance. *See* (Dkt. #92, #94, #98, #109, #140, #147, #161, #177, #186, #188, #193, #206). Thus, although Briscoe has been in custody for more than a year, most of that time is attributable to requests for continuance made by Briscoe himself or unopposed requests for continuances by his co-defendants. Thus, the *Barker* inquiry has not been "triggered" under the circumstances of this case.

However, even considering the remaining *Barker* factors, there has been no speedy-trial violation.

### ii. Reasons for Delay

Although no *Barker* factor alone is dispositive, the second one—the reason for the delay—is the "flag all litigants seek to capture." *United States v. Loud Hawk*, 474 U.S. 302, 315, 106 S.Ct. 648, 88 L.Ed.2d 640 (1986). When applying this factor, different reasons for delay are assigned different weights. *Barker*, 407 U.S. at 531. Bad-faith delays designed "to hamper the defense" are "weighted heavily against the government." *Id*. Delays caused by "negligence or overcrowded courts," however, are weighted "less heavily." *Id*. And other delays, such as those attributable to the defendant, do not count against the Government. For example, a defendant can contribute to delay by asking for continuances, and "if he later claims a speedy trial violation, he 'will not be heard to complain of a lapse of time attributable to continuances he sought and received from the trial court.'" *United States v. Duran-*

7

*Gomez*, 984 F.3d 366, 374 (5th Cir. 2020) (quoting *Nelson v. Hargett*, 989 F.2d 847, 852 (5th Cir. 1993)); *see also Jackson*, 549 F.3d at 970 (same). Here, the delays in bringing this case to trial are nearly entirely attributable to continuances requested by Briscoe and his co-defendants. This factor weighs against a speedy trial violation or a presumption of prejudice.

### iii. Diligence in assertion of the speedy-trial right

Although in his motion Briscoe asserts his right to a speedy trial, he has not diligently pursued that right. To the contrary, Briscoe has repeatedly sought continuances of the trial date in this case and has acquiesced in similar motions by his co-defendants. *See United States v. Frye*, 489 F.3d 201, 212 (5th Cir. 2007) (holding that defendant had not diligently asserted his speedy trial rights where he repeatedly moved for continuances); *United States v. Carter*, No. 2:12-CR-198-4, 2015 WL 1897613, at *4 (E.D. La. Apr 27, 2015) (same). This factor also weighs against a speedy trial violation or a presumption of prejudice.

### iv. Prejudice from delay

Taken together, the first three *Barker* factors do not weigh heavily in Briscoe's favor. Briscoe is therefore not entitled to a presumption of prejudice; rather, he must show actual prejudice. *Serna-Villareal*, 352 F.3d at 231. He has not done so.

Actual prejudice is assessed in light of the three following interests of the defendant: (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *See Barker*, 407 U.S. at 532. "Of these, the most serious is the last." *Id*. Briscoe has not even attempted to demonstrate, much less proven, that any of these

8

interests have been compromised such that he has suffered actual prejudice.

In sum, the balance of the *Barker* factors does not support a conclusion that Briscoe's Sixth Amendment speedy-trial right has been violated.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant Sir Lee Aston Briscoe's Motion to Dismiss for Lack of Speedy Trial, (Dkt. #201), is **DENIED**.

**So ORDERED and SIGNED this 8th day of September, 2023.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE